IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CLIFFORD RAY HACKETT,<br><br>Plaintiff,<br><br>v.<br><br>MAUREEN O'DONNELL, *et al.*,<br><br>Defendants. | CV. NO. 18-000254 DKW-KSC<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS** |

## **INTRODUCTION**

On June 28, 2018, Plaintiff Clifford Ray Hackett, proceeding pro se, filed a Complaint against Maureen O'Donnell, Gina Reyes, and Jacqueline Hackett, whom he contends violated his federal civil rights. He seeks damages for violations of his right to due process, stemming from his divorce proceedings with Jacqueline, which he alleges resulted in the loss of his property and assets. Dkt. No. 1. Hackett also filed a Motion for Free Process seeking to proceed *in forma pauperis* ("IFP Application"),[1] and to Allow Filing by Fax and for Electronic Process Service.[2]

---

[1] Although Plaintiff refers to a request for "free process," the Court construes Plaintiff's request as an application to proceed without prepayment of fees.
[2] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

Dkt. No. 2. The Complaint fails to include factual allegations demonstrating that Hackett's rights have been violated or that he is plausibly entitled to relief from any Defendant. Because Hackett fails to state a cognizable claim for relief, the Complaint is DISMISSED with leave to amend pursuant to 28 U.S.C. § 1915(e), with instructions below. The incomplete IFP Application is DENIED without prejudice, and the Court defers ruling on Hackett's requests to allow filing by fax and electronic process service, pending the filing of an amended complaint.

## DISCUSSION

Because Hackett is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir.

2013). Although he is proceeding pro se, Hackett is familiar with his federal court filing and pleading responsibilities, given his prior actions in this district.[3]

I.      **Plaintiff's IFP Application Is Denied Without Prejudice**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to

---

[3]A review of this district court's records reveals the following civil actions initiated by Hackett within the last three years: *Hackett v. The State of Hawaii, et al.*, 15-cv-00178 JMS-RLP; *Hackett v. USPS Post Office,* 15-cv-00495 LEK-BMK; *Hackett v. Red Guahan Bus*, 16-cv-00066 ACK-RLP; *Hackett v. Fukuda Enterprises LLC*, 16-cv-00120 BMK; *Hackett v. O'Donnell*, 16-cv-00145 JMS-RLP; *Hakit v. KEI*, 16-cv-00617 JMS-KSC; *Hackett v. KEI*, 17-cv-00263 SOM-KSC.

3

demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The Court cannot properly evaluate Plaintiff's IFP Application because it is deficient. Although Hackett indicates that his "only income is $600 social security and [he] pay[s] $500 rent," presumably on a monthly basis, Hackett failed to provide any additional information in support of his request. *See* Dkt. No. 2 at 3.[4] For example, Hackett failed to indicate whether he has income beyond Social Security, additional assets, dependents, debts or liabilities. Under these circumstances, the Court is unable to determine whether Hackett has made the required showing under Section 1915 to proceed without prepayment of fees, and therefore denies his IFP Application without prejudice. If Hackett elects to file an amended complaint, as discussed below, he may submit a complete, fully executed IFP Application on the court's form or pay the civil filing fee in full. The failure to do so will result in the dismissal of this action without further consideration of the merits of Hackett's claims.

---

[4]Hackett's IFP request is not on the court-approved application form, omits some information usually necessary to determine whether an applicant has demonstrated poverty, and omits his signature, although it does include a stamped signature appended to his Certificate of Service.

## II. The Complaint Is Dismissed With Leave to Amend

Upon review of the Complaint, the Court finds that Hackett fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the Complaint fails to allege any basis for judicial relief against any party.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Hackett fails to meet this standard.

### B. The Complaint Is Dismissed With Leave to Amend

Even given a liberal construction, the allegations in the Complaint fail to state a plausible claim against any defendant. As a preliminary matter, the Court observes that Hackett previously filed at least one action raising similar claims based upon his child support obligations and Social Security benefits against many of these same defendants, which was summarily dismissed pursuant to the court's Section

1915 screening.[5] Assuming the truth of his allegations, dismissal of the Complaint is nevertheless necessary due to the "lack of a cognizable legal theory [and] the absence of sufficient facts alleged.'" *UMG Recordings, Inc.*, 718 F.3d at 1014.

In his Complaint, Hackett explains that O'Donnell is "the manager of Hilo Social Security Office," Gina Reyes is affiliated with "Durango CSE," and Jacqueline Hackett is a "Colorado resident [who] filed in New Mexico for divorce from Plaintiff." Compl. ¶¶ 2–4. Hackett avers that Jacqueline, during the divorce proceeding, reported his "income was 3 times more than it was and th[at] her income was three time less than it was. As child support set on the false numbers, [Hackett] repeatedly notified all concerned and was ignored." Compl. ¶ 4. He alleges the following violations:

> due process, right not to be deprived of property under the 5th amendment (as incorporated to the states through the 14th amendment ) and plaintiff's right to be heard which was denied. The overt acts of fraud and collusion in this matter which were engaged in by the defendants to deprive plaintiff of his assets include, but are not limited to providing false information to the court. This case warrants claims involving tort of outrage, bad faith, outrageous government conduct and manifest injustice. The defendant's acts and failures to act are criminal in nature as they are indicative of legalized stealing from the plaintiff, and depict "the dagger of an assassin" in their actions toward him.

---

[5]*See Hackett v. O'Donnell*, Civil No. 16-00145 JMS-RLP, Dkt. No. 7 (D. Haw. Apr. 21, 2016) (dismissing complaint against O'Donnell, Jacqueline Hackett, the Eleventh Judicial District Court of New Mexico and Judge Dean of the Eleventh District Court ("Judge Dean"), asserting claims arising from Judge Dean's order "granting Mrs. Hackett excessive child support" and authorizing that "[P]laintiff's social security [be] garnished").

Compl. at 1–2.[6] He further alleges that "defendants' fraud denied plaintiff due process," Compl. ¶ 8, and that defendants' "conspiracy to deprive plaintiff of his income and his right to be heard was an obvious interference with attorney/client privilege." Compl. ¶ 9. Although the Complaint indicates that Exhibits 1 and 2 (listing "crimes by defendants," and "discussion") are part of his pleading, Compl. ¶¶ 5–6, no exhibits were attached to the Complaint upon filing.[7] Hackett seeks damages for "deprivation of [his] rights," including "damages for each defendant," pre- and post-judgment interest, and attorney's fees. Compl. ¶ 13.

---

[6]In the prior action against O'Donnell and his ex-wife, Hackett similarly alleged:

> Defendants "conspir[ed] to deprive plaintiff of his income and assets and . . . right to be heard," through fraud, interference with attorney/client privilege, unspecified criminal acts and omissions, and court rulings "ordering plaintiff's social security [be] garnished without a proper basis for doing so, [and] . . . granting Mrs. Hackett excessive child support without a proper basis for doing so." Compl. ¶¶ 9, E. The Complaint alleges that Defendants violated "numerous national laws, statutes, ordinances and regulations," including Plaintiff's constitutionally-protected rights of due process, to not be deprived of property, and to be heard. Id. ¶¶ 7, 8, E, F. The Complaint further characterizes Defendants' conduct as "criminal in nature" and supporting "claims involving tort[s] of outrage, bad faith, outrageous government conduct and manifest injustice." Id. ¶ E.

*Hackett v. O'Donnell*, Civil No. 16-00145 JMS-RLP, Dkt. No. 7 (D. Haw. Apr. 21, 2016).
[7]Hackett also referenced and omitted these Exhibits in his 2016 filing in Civ. No. 16-00145. However, he later filed a document marked "Exhibit 1," that lists "numerous wrongful actions by the Eleventh District Court, Judge Dean, and/or Mrs. Hackett in connection with underlying divorce and/or child custody proceedings -- *e.g.*, loss of motions faxed to the Eleventh District Court, denial of reasonable accommodations to Plaintiff with regard to court documents, unfairness of court decisions despite 'known' facts regarding the financial and personal circumstances of Plaintiff, Mrs. Hackett, and Plaintiff's children[.]" No such exhibit has been filed with the Court in the present matter.

The allegations in the Complaint suffer from several deficiencies. First, the Complaint fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). Hackett does not clearly identify each party or her role, providing only minimal information regarding Reyes, nor does he provide specific factual allegations to support his legal conclusions. Even applying the most liberal pleading standard, the Court cannot discern from the Complaint the conduct on which any claim is based, other than Hackett's re-allegation that he suffered a loss of property without due process during the course of New Mexico divorce and child custody actions, and his dissatisfaction with the results of those proceedings. *See* Compl. at 1–2.

Second, insofar as he seeks damages for violations of his federal constitutional rights, Hackett fails to satisfy the pleading requirements to state a claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403

U.S. 388 (1971).[8]  In order to state a Section 1983 claim, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Hackett alleges neither. Even though he concludes he "was denied due process of law," Compl. ¶ 8, and that the "illegal and unethical conduct of the defendants constitutes denial of plaintiff's due process rights under the 5th and 14th Amendments[,]" Compl. ¶ 11, Hackett's factual allegations supporting the claim are not sufficient. Although pro se pleadings are liberally construed, a plaintiff must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the Complaint fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation

---

[8]To state a claim under Section 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), for deprivation of a constitutional right, a plaintiff must allege that the deprivation was committed by a person acting "under color of any statute, ordinance, regulation, custom, or usage" of a State[.]" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) (discussing Section 1983 claims); *see also OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) ("To state a claim under § 1983 against state officials in their individual capacities, a plaintiff must plead that the officials, acting under color of state law, caused the deprivation of a federal right.") (citation and quotation marks omitted); *Bohol v. United States*, 2010 WL 2485933, at *2 (D. Haw. June 17, 2010) (applying Section 1983 standard to *Bivens* claim against federal actor) (citation omitted).

of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Hackett fails to allege facts supporting his legal conclusion that O'Donnell, Reyes,[9] or Jacqueline,[10] acting individually or as part of a conspiracy[11] violated his federal rights. Accordingly, any Section 1983 and/or *Bivens* claim is dismissed.

Finally, to the extent he complains of acts that were the subject of prior judicial proceedings or government agency adjudications, those claims or issues that were previously decided by a competent tribunal may be barred by the doctrines of *res judicata* and/or collateral estoppel (or "claim preclusion" and "issue

---

[9] With respect to civil rights claims against O'Donnell and Reyes in their individual capacities, the Complaint fails to allege any facts demonstrating that either acted, or failed to act, in a way that deprived Plaintiff of his constitutional rights. Merely identifying O'Donnell as the manager of the Hilo SSA Office is not sufficient. *See Iqbal*, 556 U.S. at 676-77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior . . . a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution.").

[10] Nowhere does the Complaint allege that Jacqueline is a state or federal official—to the contrary, the Complaint alleges that Jacqueline is "an ILLEGAL IMMIGRANT, A FUGITIVE FROM JUSTICE WITH A LIFE SENTENCE[.]" Compl. ¶ 3. Although "generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (citation and quotation marks omitted). "'Joint action' exists where the government affirms, authorizes, encourages, or facilitates unconstitutional conduct through its involvement with a private party, or otherwise has so far insinuated itself into a position of interdependence with the non-governmental party that it must be recognized as a joint participant in the challenged activity." *Ohno v. Yasuma*, 723 F.3d 984, 996 (9th Cir. 2013) (citations omitted). Hackett's "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient[.]" *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

[11] The Complaint alleges that defendants "conspir[ed] to deprive plaintiff of his income and assets and his right to be heard[.]" Compl. ¶ 9. The Complaint does not allege any *facts* to support the existence of a conspiracy between Jacqueline and either Reyes or O'Donnell, or that defendants acted in concert for the specific purpose of depriving Plaintiff of his constitutional rights. This is insufficient to establish joint action. *See Bruns*, 122 F.3d at 1257 ("[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient[.]").

preclusion").[12] Based upon a preliminary screening, it appears that several of the claims or the issues raised in the Complaint may be precluded against some of these defendants. However, it is not clear whether either of these doctrines presently bars any portion of Hackett's allegations. Hackett is cautioned that these doctrines may operate to bar any claims or issues that were decided or could have been decided in his prior cases. Moreover, to the extent he is unsatisfied with the outcome of his state court proceedings, he may not seek appellate review in federal court based on the decisionmaker's alleged "bias," but must appeal those matters in state court, assuming the time to do so has not yet run.[13]

In sum, because Hackett fails to state a plausible claim for relief, the Complaint is DISMISSED. Because amendment *may* be possible, Hackett is

---

[12]"[C]laim preclusion prevents a party from relitigating not only issues which were actually litigated in a prior action, but also all grounds of claim and defense which might have been properly litigated in the prior action." *Hanson v. Palehua Cmty. Ass'n*, 2013 WL 1751504, at *7 (D. Haw. Apr. 23, 2013), *aff'd*, 599 F. App'x 299 (9th Cir. 2015) (citations omitted). "[I]ssue preclusion similarly prevents a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *Id.* (citation omitted).

[13]Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina,* 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Although not entirely clear, to the extent Plaintiff contests the entry of orders relating to child support enforcement or his divorce decrees, any such challenge must be made through the state court appellate process. Hackett may neither collaterally attack nor seek to relitigate such state court determinations in this Court.

granted leave to attempt to cure the deficiencies noted in this Order, with instructions below.

### III. Motions to Allow Filing By Fax and for Electronic Process Service

The Court next turns to Hackett's requests to allow filing by fax and for electronic process service. First, Hackett requests permission to file his documents with the Court by fax as a reasonable accommodation because he is "deaf/blind."[14] Second, he requests "electronic process service," and specifically seeks permission to serve parties via fax and/or email.[15] Because the Court has dismissed Hackett's Complaint and granted leave to amend in accordance with the terms of this Order, the Court defers ruling on his requests to allow filing by fax and for electronic process service,[16] pending the filing of an amended complaint and IFP Application. *See Hackett v. KEI*, Civ. No. 17-00236 SOM-KSC, Dkt. No. 4 (dismissing complaint with leave to amend and denying as moot "the IFP Application and the request to use the court's electronic case filing system").

---

[14] The Court recognizes that Hackett has been granted leave to file by fax in other matters based on his representation that he is blind and deaf. *See Hackett v. USPS Post* Office, Civ. No. 15-00495 LEK-KJM, Dkt. No. 5 (granting leave to file by fax); *see also Hackett v. Fukuda Enters. LLC*, Civ. No. 16-00120 BMK, Dkt. No. 6 (granting leave to file by fax).

[15] Hackett's prior requests for electronic service, via email or the Court's CM/ECF electronic filing system, have been denied. *See Hackett v. USPS Post* Office, Civ. No. 15-00495 LEK-KJM, Dkt. No. 5; *Hackett v. Fukuda Enters. LLC*, Civ. No. 16-00120 BMK, Dkt. No. 6 (denying request to file electronically); *Hackett v. Red Guahan Bus*, Civ. No. 16-00066 ACK-RLP, Dkt. No. 4 (denying leave to serve parties electronically).

[16] The Court will revisit this issue of whether Plaintiff may serve any defendant electronically when defendants make an appearance in the case.

## IV. Limited Leave To Amend Is Granted

The Complaint is dismissed without prejudice, and Hackett is granted leave to amend to attempt to cure the deficiencies identified above. If Hackett chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Hackett fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice

need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the prior complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Hackett may include only one claim per count. Failure to file an amended complaint by **August 6, 2018** will result in the automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based upon the foregoing, Hackett's Complaint is DISMISSED with leave to amend. Hackett is granted leave to file an amended complaint in accordance with the terms of this Order by **August 6, 2018**. The Court CAUTIONS Hackett that failure to file an amended complaint by **August 6, 2018** may result in the automatic dismissal of this action without prejudice.

The Court DENIES without prejudice Hackett's IFP Application (Dkt. No. 2) and defers ruling on his requests to allow filing by fax and for electronic process service, pending the filing of an amended complaint. If he elects to file an amended complaint, Hackett shall file a fully executed IFP Application or pay the requisite filing fee by **August 6, 2018**.

The Clerk of Court is DIRECTED to provide Hackett with a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) so that he may comply with the directions in this Order.

IT IS SO ORDERED.

Dated: July 6, 2018 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Hackett v. O'Donnell, et al.* CV 18-000254 DKW-KSC; **ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**