IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CLIFFORD RAY HACKETT,<br><br>Plaintiff,<br><br>v.<br><br>MAUREEN O'DONNELL, *et al.*,<br><br>Defendants. | CV. NO. 18-000254 DKW-KSC<br><br>**ORDER (1) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN FORMA PAUPERIS** |

## INTRODUCTION

On August 2, 2018, Plaintiff Clifford Ray Hackett, proceeding pro se, filed (1) a First Amended Complaint ("FAC") against Maureen O'Donnell, Gina Reyes, Bryan Pickering and Jacqueline Hackett (Dkt. No. 7); and (2) an incomplete, unsigned Declaration in Support of Request to Proceed In Forma Pauperis ("IFP Application").[1]  Dkt. No. 8.  As best the Court can discern, Hackett seeks damages for unspecified violations of law, stemming from his divorce proceedings with Jacqueline.  FAC at 1.  The FAC, like his original Complaint, fails to include factual allegations demonstrating that Hackett's rights have been violated or that he

---

[1]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

is plausibly entitled to relief from any Defendant.[2]   Because Hackett fails to state a cognizable claim for relief or establish this Court's subject matter jurisdiction, the FAC is DISMISSED with leave to amend pursuant to 28 U.S.C. § 1915(e), with instructions below.   The unsigned IFP Application is DENIED without prejudice, pending the filing of an amended complaint.

## **DISCUSSION**

Because Hackett is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).   The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir.

---

[2]On June 28, 2018, Hackett filed his original Complaint against O'Donnell, Reyes, and Jacqueline Hackett, seeking damages for violations of his right to due process resulting from his divorce proceedings (Dkt. No. 1), and also filed a Motion for Free Process seeking to proceed *in forma pauperis* (Dkt. No. 2).   In a July 6, 2018 Order, the Court dismissed the Complaint with leave to amend and denied the incomplete request to proceed *in forma pauperis* without prejudice.   Dkt. No. 5.

2013). Although he is proceeding pro se, Hackett is familiar with his federal court filing and pleading responsibilities, given his prior actions in this district.[3]

I. **Plaintiff's IFP Application Is Denied Without Prejudice**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to

---

[3] A review of this district court's records reveals the following civil actions initiated by Hackett within the last three years: *Hackett v. The State of Hawaii, et al.*, 15-cv-00178 JMS-RLP; *Hackett v. USPS Post Office,* 15-cv-00495 LEK-BMK; *Hackett v. Red Guahan Bus*, 16-cv-00066 ACK-RLP; *Hackett v. Fukuda Enterprises LLC*, 16-cv-00120 BMK; *Hackett v. O'Donnell*, 16-cv-00145 JMS-RLP; *Hakit v. KEI*, 16-cv-00617 JMS-KSC; and *Hackett v. KEI*, 17-cv-00263 SOM-KSC.

3

demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The Court, once more, cannot properly evaluate Plaintiff's IFP Application because it is deficient. In this instance, Hackett submitted an unsigned Declaration on a form provided by the State of Hawaii Family Court, Third Circuit, rather than the form previously provided by this Court. Although Hackett indicates that he is unemployed, has received no income during the past twelve months from any other source, and has no money in a checking or savings account, Hackett failed to provide any additional information in support of his request. For example, Hackett again failed to indicate whether he has additional assets, dependents, debts or liabilities. Moreover, he omitted information that was included on his previous IFP request, which was likewise deemed deficient. *Compare* Dkt. Nos. 2 and 8.[4] Under these circumstances, the Court is unable to determine whether Hackett has made the required showing under Section 1915 to proceed without prepayment of fees, and therefore denies his IFP Application without prejudice. If Hackett elects to file an

---

[4] Like his previously deficient request (Dkt. No. 2), Hackett's IFP Application is not on the court-approved application form, omits some information usually necessary to determine whether an applicant has demonstrated poverty, and omits both his signature and affirmation under penalty of perjury that the statements in the Declaration are true and correct. Moreover, his previous IFP Application, filed on June 28, 2018, indicated that his "only income is $600 social security" (Dkt. No. 2 at 3). This source of income, however, is omitted entirely from the Declaration filed in support of the instant request, without explanation. Dkt. No. 8.

amended complaint, as discussed below, he may submit a complete, fully executed IFP Application on the court's form or pay the civil filing fee in full. The failure to do so will result in the dismissal of this action without further consideration of the merits of Hackett's claims.

## II. The FAC Is Dismissed With Leave to Amend

Upon review of the FAC, the Court finds that Hackett fails to state a claim upon which relief may be granted or to establish a basis for the Court's subject matter jurisdiction. As discussed below, even liberally construed, the FAC again fails to allege any discernable basis for judicial relief against any party.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Hackett fails to meet this standard.

### B. The FAC Fails to State a Cognizable Claim for Relief

Even given a liberal construction, the allegations in the Complaint fail to state a plausible claim against any defendant. As before, the Court observes that Hackett

previously filed at least one action raising similar claims based upon his child support obligations against many of these same defendants, which was summarily dismissed pursuant to the court's Section 1915 screening.[5]  Assuming the truth of his allegations, dismissal of the Complaint is nevertheless necessary due to the "lack of a cognizable legal theory [and] the absence of sufficient facts alleged.'"  *UMG Recordings, Inc.*, 718 F.3d at 1014.

In the FAC, Hackett explains that O'Donnell is "the manager of Hilo Social Security Office," Gina Reyes is affiliated with "Durango CSE," and Jacqueline Hackett is a Colorado resident who filed in New Mexico for divorce from Plaintiff. FAC ¶¶ 2–4.  Pickering, although listed in the caption, is mentioned nowhere else in the FAC.  Under the heading labeled "Facts," Hackett states only the following:

> Defendant; a [C]olorado resident filed in [N]ew [M]exico for divorce from plaintiff also a [C]olorado resident, saying that plaintiff's income was 3 times more than it was and her income was three times less than it was.  As child support set on the false numbers[,] plaintiff repeatedly notified all concerned and was ignored.  Judge acknowledged lack of jurisdiction and closed the case.

---

[5]*See Hackett v. O'Donnell*, Civil No. 16-00145 JMS-RLP, Dkt. No. 7 (D. Haw. Apr. 21, 2016) (dismissing complaint against O'Donnell, Jacqueline Hackett, the Eleventh Judicial District Court of New Mexico and Judge Dean of the Eleventh District Court ("Judge Dean"), asserting claims arising from Judge Dean's order "granting Mrs. Hackett excessive child support" and authorizing that "[P]laintiff's social security [be] garnished").

FAC at 1.⁶   The FAC contains no additional factual allegations.   Hackett nonetheless requests the following relief:

> judgments of the court against all of the defendants awarding to plaintiff (i) damages for each defendant; (ii) pre– and post–judgment interest; (iv) [sic] costs, including reasonable attorney fees for this action; and (v) any other relief deemed just and equitable by the court.

FAC at 1.

The allegations in the FAC, like its predecessor Complaint, suffer from several deficiencies.   First, the FAC fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct."   Fed. R. Civ. P. 8(d)(1).   A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.   *Hearns v.*

---

⁶The Court notes that in the prior action against O'Donnell and his ex-wife, Hackett similarly alleged, in greater detail, as follows:

> Defendants "conspir[ed] to deprive plaintiff of his income and assets and . . . right to be heard," through fraud, interference with attorney/client privilege, unspecified criminal acts and omissions, and court rulings "ordering plaintiff's social security [be] garnished without a proper basis for doing so, [and] . . . granting Mrs. Hackett excessive child support without a proper basis for doing so."   Compl. ¶¶ 9, E. The Complaint alleges that Defendants violated "numerous national laws, statutes, ordinances and regulations," including Plaintiff's constitutionally-protected rights of due process, to not be deprived of property, and to be heard.   *Id.* ¶¶ 7, 8, E, F. The Complaint further characterizes Defendants' conduct as "criminal in nature" and supporting "claims involving tort[s] of outrage, bad faith, outrageous government conduct and manifest injustice."   *Id.* ¶ E.

*Hackett v. O'Donnell*, Civil No. 16-00145 JMS-RLP, Dkt. No. 7 (D. Haw. Apr. 21, 2016).

8

*San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). The FAC provides minimal information and does not clearly identify each party or his or her role in any of the unspecified violations of law, nor does Hackett provide specific factual allegations to support his legal conclusions. Even applying the most liberal pleading standard, the Court cannot discern from the FAC what his claims are against any party, nor the conduct on which any claim is based, other than Hackett's re-allegation that his former spouse provided false statements regarding their income during the course of New Mexico divorce and child custody actions, and his dissatisfaction with the results of those proceedings. *See* FAC at 1.

Second, insofar as he seeks damages for any unspecified violations of his federal constitutional rights, again Hackett fails to satisfy the pleading requirements to state a claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[7] In order to state a Section 1983 claim, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States

---

[7]To state a claim under Section 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), for deprivation of a constitutional right, a plaintiff must allege that the deprivation was committed by a person acting "under color of any statute, ordinance, regulation, custom, or usage" of a State[.]" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) (discussing Section 1983 claims); *see also OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) ("To state a claim under § 1983 against state officials in their individual capacities, a plaintiff must plead that the officials, acting under color of state law, caused the deprivation of a federal right.") (citation and quotation marks omitted); *Bohol v. United States*, 2010 WL 2485933, at *2 (D. Haw. June 17, 2010) (applying Section 1983 standard to *Bivens* claim against federal actor) (citation omitted).

9

was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Hackett alleges neither. Although pro se pleadings are liberally construed, a plaintiff must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the FAC fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Hackett fails to allege facts that O'Donnell, Reyes,[8] or Jacqueline,[9]

---

[8] With respect to any civil rights claims against O'Donnell and Reyes in their individual capacities, the Complaint fails to allege any facts demonstrating that either acted, or failed to act, in a way that deprived Plaintiff of his constitutional rights. Merely identifying O'Donnell as the manager of the Hilo SSA Office and indicating that Reyes is somehow affiliated with "Durango CSE," is not sufficient. *See Iqbal*, 556 U.S. at 676–77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior . . . a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution.").

[9] Nowhere does the FAC allege that Jacqueline is a state or federal official—to the contrary, the Complaint alleges that Jacqueline is "an ILLEGAL IMMIGRANT, A FUGITIVE FROM JUSTICE WITH A LIFE SENTENCE[.]" FAC at 1. Although "generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (citation and quotation marks omitted). "'Joint action' exists where the government affirms, authorizes, encourages, or facilitates unconstitutional conduct through its involvement with a private party, or otherwise has so far insinuated itself into a position of interdependence with the non-governmental party that it must be recognized as a joint participant in the challenged activity." *Ohno v. Yasuma*, 723 F.3d 984, 996 (9th Cir. 2013) (citations omitted). Hackett fails to offer even

acting individually or jointly, violated his federal rights in any manner.
Accordingly, any Section 1983 and/or *Bivens* claim is dismissed.

Finally, to the extent he complains of acts that were the subject of prior judicial proceedings or government agency adjudications, those claims or issues that were previously decided by a competent tribunal may be barred by the doctrines of *res judicata* and/or collateral estoppel (or "claim preclusion" and "issue preclusion").[10] Based upon a preliminary screening, it appears that the claims and the issues raised in the FAC may be precluded against some of these defendants. However, it is not clear whether either of these doctrines presently bars any portion of Hackett's allegations. Hackett is cautioned that these doctrines may operate to bar any claims or issues that were decided or could have been decided in his prior cases. Moreover, to the extent he is unsatisfied with the outcome of his state court proceedings, he generally may not seek appellate review in federal court based on

---

"[v]ague and conclusory allegations of official participation in civil rights violations, [which] are not sufficient[.]" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

[10]"[C]laim preclusion prevents a party from relitigating not only issues which were actually litigated in a prior action, but also all grounds of claim and defense which might have been properly litigated in the prior action." *Hanson v. Palehua Cmty. Ass'n*, 2013 WL 1751504, at *7 (D. Haw. Apr. 23, 2013), *aff'd*, 599 F. App'x 299 (9th Cir. 2015) (citations omitted). "[I]ssue preclusion similarly prevents a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *Id.* (citation omitted).

the decisionmaker's alleged "lack of jurisdiction," but must appeal those matters in state court, assuming the time to do so has not yet run.[11]

In sum, because Hackett fails to state a plausible claim for relief, the FAC is DISMISSED. Because amendment *may* be possible, Hackett is granted leave to attempt to cure the deficiencies noted in this Order, with instructions below.

C. **Subject Matter Jurisdiction Has Not Been Clearly Alleged**

Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements."). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "Federal courts are courts of limited jurisdiction," possessing "only that power

---

[11]Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina,* 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Although not entirely clear, to the extent Plaintiff contests the entry of orders relating to child support enforcement or his divorce decrees, any such challenge must be made through the state court appellate process. Hackett may neither collaterally attack nor seek to relitigate such state court determinations in this Court.

authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two ways. First, he may assert federal question jurisdiction based on allegations that a defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The United States Supreme Court has recognized that a "plaintiff properly invokes § 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Second, a plaintiff may invoke the court's diversity jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In order to establish diversity jurisdiction, a plaintiff must establish complete diversity of the parties. *See Morris v. Princess Cruises, Inc.*, 236 F.3d

13

1061, 1067 (9th Cir. 2001) (explaining that Section 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants").

Hackett has not identified a jurisdictional basis for this case. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."). The FAC fails to establish either diversity or federal question jurisdiction. First, Hackett does not adequately allege the citizenship of any party for purposes of Section 1332(a), nor does he make a sufficient demand for relief to meet the amount in controversy threshold. Next, his bare allegation of wrong-doing by public officials and/or his spouse during the course of state court divorce proceedings, without more, is not sufficient to create federal question jurisdiction. Any such cause of action is "so patently without merit as to justify the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70 (1978); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) ("It is not enough to utter the word 'Constitution' and then present a claim that rests on state law. If it were, every claim that a state employee committed a tort, or broke a contract, could be litigated in federal court. It is therefore essential that the federal claim have some

substance—that it be more than a pretext to evade the rule that citizens of a single state must litigate their state-law disputes in state court.").

Moreover, any grievances sounding in tort (*e.g*., fraud, intentional and/or negligent misrepresentation, among others) are state law claims that may be appropriately brought in Hawaii state courts. These claims may not, however, be brought in federal court, absent a clearly-pled basis for federal jurisdiction. *See Thompson*, 99 F.3d at 353 ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Accordingly, given the absence of a clearly-alleged basis for this Court's subject matter jurisdiction, the FAC is dismissed with leave to amend, as detailed below.

## III. Requests to Allow Filing By Fax and for Electronic Process Service

The Court previously deferred ruling on Hackett's requests to allow filing by fax and for electronic process service.[12] Because the Court once more dismisses Hackett's claims and grants leave to amend in accordance with the terms of this Order, the Court likewise defers ruling on his requests to allow filing by fax and for

---

[12]The Court recognizes that Hackett has been granted leave to file by fax in other matters based on his representation that he is blind and deaf. *See Hackett v. USPS Post* Office, Civ. No. 15-00495 LEK-KJM, Dkt. No. 5 (granting leave to file by fax); *see also Hackett v. Fukuda Enters. LLC*, Civ. No. 16-00120 BMK, Dkt. No. 6 (granting leave to file by fax). Hackett's prior requests for electronic service, via email or the Court's CM/ECF electronic filing system, however, have been denied. *See Hackett v. USPS Post Office*, Civ. No. 15-00495 LEK-KJM, Dkt. No. 5; *Hackett v. Fukuda Enters. LLC*, Civ. No. 16-00120 BMK, Dkt. No. 6 (denying request to file electronically); *Hackett v. Red Guahan Bus*, Civ. No. 16-00066 ACK-RLP, Dkt. No. 4 (denying leave to serve parties electronically).

15

electronic process service, pending the filing of an amended complaint and IFP Application.[13]  *See Hackett v. KEI*, Civ. No. 17-00236 SOM-KSC, Dkt. No. 4 (dismissing complaint with leave to amend and denying as moot "the IFP Application and the request to use the court's electronic case filing system").

## IV. <u>Limited Leave to Amend Is Granted</u>

The FAC is dismissed without prejudice, and for the second time, Hackett is granted leave to amend to attempt to cure the deficiencies identified above.  If Hackett chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.  Plaintiff must repeat this process for each person or entity that he names as a defendant.  If Hackett fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

---

[13]The Court will revisit this issue of whether Plaintiff may serve any defendant electronically when defendants make an appearance in the case.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "Second Amended Complaint" and may not incorporate any part of the prior complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Hackett may include only one claim per count. Failure to file an amended complaint by **September 6, 2018** will result in the automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based upon the foregoing, Hackett's FAC is DISMISSED with leave to amend. Hackett is once more granted leave to file an amended complaint in accordance with the terms of this Order by **September 6, 2018**. The Court CAUTIONS Hackett that failure to file an amended complaint by **September 6, 2018** may result in the automatic dismissal of this action without prejudice.

The Court DENIES without prejudice Hackett's IFP Application (Dkt. No. 8) and defers ruling on his requests to allow filing by fax and for electronic process service, pending the filing of an amended complaint. If he elects to file an amended complaint, Hackett shall file a fully executed IFP Application or pay the requisite filing fee by **September 6, 2018**.

The Clerk of Court is DIRECTED to provide Hackett with a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) so that he may comply with the directions in this Order.

IT IS SO ORDERED.

Dated: August 10, 2018 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Hackett v. O'Donnell, et al.,* CV 18-000254 DKW-KSC; **ORDER (1) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN FORMA PAUPERIS**