# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CLIFFORD RAY HACKETT,<br><br>Plaintiff,<br><br>v.<br><br>MAUREEN O'DONNELL, *et al.*,<br><br>Defendants. | CV. NO. 18-000254 DKW-KSC<br><br>**ORDER DISMISSING CASE** |

## **INTRODUCTION**

On June 28, 2018, Plaintiff Clifford Ray Hackett, proceeding pro se, filed a Complaint against Maureen O'Donnell, Gina Reyes, and Jacqueline Hackett, each of whom he contends violated his federal civil rights. Hackett sought damages for violations of his right to due process, stemming from his state court divorce proceedings with Jacqueline, which he alleged resulted in the loss of his property and assets. Dkt. No. 1. Hackett also filed a "Motion for Free Process," which the court construed as an *in forma pauperis* application ("IFP Application"), together with a request to allow filing by fax and for electronic process service. Dkt. No. 2. Because Hackett failed to state a cognizable claim for relief by failing to include factual allegations demonstrating that his rights had been violated or that he was

plausibly entitled to relief from any Defendant, the Complaint was dismissed with leave to amend on July 6, 2018, pursuant to 28 U.S.C. § 1915(e). Dkt. No. 5. The incomplete IFP Application was also denied without prejudice, and the Court deferred ruling on Hackett's requests to allow filing by fax and electronic process service, pending the filing of an amended complaint.

On August 2, 2018, Hackett, again proceeding pro se, filed (1) a First Amended Complaint ("FAC") against Maureen O'Donnell, Gina Reyes, Bryan Pickering and Jacqueline Hackett (Dkt. No. 7); and (2) an incomplete, unsigned IFP Application. Dkt. No. 8. As best the Court could discern, Hackett again sought damages for unspecified violations of law, stemming from his state court divorce proceedings with Jacqueline. FAC at 1. The FAC, like his original Complaint, failed to include factual allegations demonstrating that Hackett's rights have been violated or that he is plausibly entitled to relief from any Defendant. Because Hackett failed to state a cognizable claim for relief or establish this Court's subject matter jurisdiction, the FAC was dismissed with leave to amend, pursuant to 28 U.S.C. § 1915(e). Dkt. No. 10 (8/10/18). The unsigned IFP Application was again denied without prejudice, pending the filing of an amended complaint. Dkt. No. 10.

The Court imposed a deadline of September 6, 2018, for the filing of a second amended complaint ("SAC") and a completed IFP application, neither of which has been received as of the date of this Order. Consequently, the case is DISMISSED.

## **DISCUSSION**

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). More specifically, the Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

The Court's 8/10/18 Order was clear:

> The FAC is dismissed without prejudice, and for the second time, Hackett is granted leave to amend to attempt to cure the deficiencies identified above. If Hackett chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Hackett fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.
>
> ****
>
> Based upon the foregoing, Hackett's FAC is DISMISSED with leave to amend. Hackett is once more granted leave to file an amended complaint in accordance with the terms of this Order by **September 6, 2018**. The Court CAUTIONS Hackett that failure to file an amended complaint by **September 6, 2018** may result in the automatic dismissal of this action without prejudice. The Court DENIES without prejudice Hackett's IFP Application (Dkt. No. 8) and defers ruling on his requests to allow filing by fax and for electronic process service, pending the filing of an amended complaint. If he elects to file an amended complaint, Hackett shall file a fully executed IFP Application or pay the requisite filing fee by **September 6, 2018**.

8/10/18 Order at 16–17. Hackett's failure to comply with the 8/10/18 Order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983,

990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Hackett offers no excuse or explanation for his failure to file a Second Amended Complaint. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Hackett failed to discharge his responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior order. *See* 8/10/18 Order at 16–17. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Hackett's failure to file an amended complaint, as directed by the Court in its 8/10/18 Order.

The Court attempted to avoid outright dismissal of this action by granting Hackett two opportunities to amend his allegations and providing specific guidance

5

on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Hackett's voluntary failure to comply with the Court's Orders. Under the present circumstances, less drastic alternatives are not appropriate. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: September 17, 2018 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge